Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-1629 | **DATE** | 10/18/12 |
| **CASE TITLE** | Rotheimer v. Kalata, *et al.* | | |

**DOCKET ENTRY TEXT**

A Complaint was filed on behalf of Plaintiff Adam Rotheimer on March 6, 2012, alleging seven separate counts against eight Defendants. Defendants filed a motion to dismiss, arguing the Court lacked jurisdiction and that, further, Plaintiff failed to state a claim upon which relief may be granted. The Court granted the motion to dismiss on the grounds that the Court lacked jurisdiction. Plaintiff filed a motion for reconsideration on July 6, 2012. Plaintiff's Motion for Reconsideration [23] is denied. Plaintiff is directed to file an Amended Complaint on or before November 19, 2012, and a failure to do so will result in a dismissal of the case with prejudice. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

On March 6, 2012, a Complaint was filed by Denise Rotheimer on behalf of Adam Rotheimer. This Complaint alleged several claims against Defendants Kalata, Scheller, Bangser, Brown, Waller, Warner, Werner, and Curran, including: (1) a violation of due process under 42 U.S.C. § 1983; (2) conspiracy under 42 U.S.C. § 1985; (3) malicious prosecution; (4) civil conspiracy; (5) intentional infliction of emotional distress; (6) *respondeat superior*; and (7) indemnification. Defendants named in the Complaint included the Lake County State's Attorney, four Assistant State's Attorneys, and Lake County Sheriffs. Following the filing of the Complaint, Defendants filed a motion to dismiss on April 3, 2012, and presented it to the Court on April 18, 2012.

In this motion, Defendants correctly pointed out that the Complaint indicated that the allegations were made by Plaintiff's "undersigned power of attorney" and that the Complaint was signed not by Plaintiff, but by Denise Rotheimer, Plaintiff's "power of attorney." (Compl. at 1, 17.) At the hearing on April 18, 2012, the Court granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), finding that Denise Rotheimer, despite her power of attorney status, lacked standing to pursue Plaintiff's claims on his behalf. "[A] mere power-of-attorney - *i.e.*, an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor . . . does not confer standing to sue in the holder's own right because a power-of-attorney does not confer an ownership interest in the claim." *National Council on Compensation Ins., Inc. v. American International Group, Inc.*, No. 07-cv-2898, 2009 WL 2588902, at *3 (N.D. Ill. Aug. 20, 2009) (quoting *W.R. Huff Asset Management Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008)). Because standing is a threshold requirement necessary to establish federal jurisdiction, the Court properly dismissed the Complaint, finding a lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). This dismissal was without prejudice; and the Court indicated at the hearing, and on the docket, that Plaintiff was permitted to file an amended complaint, curing the defect of standing, on or before May 18, 2012.

**STATEMENT**

No amended complaint was ever filed by Plaintiff. Instead, at the next status hearing, on June 13, 2012, Plaintiff asked to file a motion, requesting reconsideration of the Court's previous ruling, dismissing the case. A briefing schedule was set on Plaintiff's reconsideration motion. The motion was to be filed on or before July 13, 2012; Defendants' Response due on or before August 3, 2012; and Plaintiff's Reply due on or before August 17, 2012. The motion and response were filed in a timely manner; however, Plaintiff never submitted a reply brief.

Though Plaintiff does not invoke a Federal Rule, it appears Plaintiff moves for reconsideration under Fed. R. Civ. P. 60(b), which permits a court to provide relief from an order for a number of reasons, including mistake, inadvertence, and newly discovered evidence. However, Plaintiff's motion for reconsideration presents no newly discovered evidence, nor does it identify a mistake made by the Court. Rather, Plaintiff requests the opportunity to "affix his signature on the initial complaint." (Mot. at 3.) Presumably, Plaintiff either missed or ignored the Court's order, permitting him to file an amended complaint on or before May 18, 2012. Therefore, Plaintiff's Motion for Reconsideration is denied, as the Court properly dismissed the Complaint for lack of jurisdiction, because Denise Rotheimer, while acting as Plaintiff's power of attorney, is not authorized to practice law. However, Plaintiff is directed to file an amended complaint on or before November 19, 2012. Failure to do so will result in Plaintiff's case being dismissed with prejudice.