UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM ROTHEIMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 12-cv-1629 |
| ERIC KALATA, | ) |
| Assistant State's Attorney; | ) Judge John W. Darrah |
| STEPHEN SCHELLER, | ) |
| Assistant State's Attorney; | ) |
| MARC BANGSER, | ) |
| Assistant State's Attorney; | ) |
| DAN BROWN, | ) |
| Assistant State's Attorney; | ) |
| MICHAEL J. WALLER, | ) |
| Former Lake County State's Attorney; | ) |
| PAUL WARNER, Former Lake County | ) |
| Sheriff's Office Detective; | ) |
| WILLIS S. WERNER, Former Lake | ) |
| County Sheriff's Office Lieutenant; | ) |
| MARK CURRAN, Lake County Sheriff; | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Adam Rotheimer filed suit on March 6, 2012, against Defendants Eric Kalata, Stephen Scheller, Marc Bangser, Dan Brown, Michael J. Waller (collectively, "State's Attorney Defendants"), Paul Warner, Willis Werner, and Mark Curran (collectively, "Sheriff Defendants"). Plaintiff amended his complaint on November 19, 2012, alleging five separate counts: (I) a violation of his Fourteenth Amendment right to due process, pursuant to 42 U.S.C. § 1983; (II) conspiracy, under 42 U.S.C. § 1985; (III) malicious prosecution under Illinois state law; (IV) a state law claim

of *respondeat superior*; and (V) a state law claim of indemnification. (Am. Compl. ¶¶ 36-58.) Defendants move to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). This motion has been fully briefed and is ripe for ruling.

## BACKGROUND

Plaintiff is a resident of McHenry, Illinois. (Am. Compl. ¶ 1.) On or about March 9, 2010, a social worker at Centegra Memorial Hospital in McHenry County, Illinois, called Defendant Werner, a detective, and informed Werner that Plaintiff was an in-patient resident of the hospital. (*Id.* ¶ 11.) The social worker explained to Werner that Plaintiff had expressed a threat against a judge; Plaintiff apparently told the social worker he had developed a romantic relationship with the judge's daughter and stolen money from the judge. (*Id.* ¶ 12.) Werner informed Judge Brian Hughes, a Lake County Circuit Court Judge, of this threat; but Judge Hughes told Werner he did not have a daughter and did not understand the threat. (*Id.* ¶¶ 14-15.) Plaintiff was discharged from Centegra Memorial Hospital on or about March 12, 2010.

That same day, Plaintiff was then charged with threatening a public official, arrested, and detained in the Lake County, Illinois jail, where he remained from March 12, 2010 through April 21, 2010. (*Id.* ¶¶ 16, 18-19, 29.) Plaintiff challenged the jurisdiction of the Lake County court over his charge, and the matter was transferred to McHenry County. (*Id.* ¶¶ 30-31.) The McHenry County State's Attorney filed a motion for entry of a *nolle prosequi* judgment, and the case against Plaintiff was dismissed on July 8, 2010. (*Id.* ¶ 32.)

Plaintiff alleges the actions of Defendants were illegal, in that Defendants did not have "jurisdiction to investigate, initiate, arrest or prosecute the Plaintiff." (*Id.* ¶ 33.) Following dismissal of the charges, Plaintiff filed his lawsuit against Defendants, amending the Complaint on November 19, 2012. Defendants argue Plaintiff's state law claims are barred by the applicable statute of limitations, and further assert that the claims fail on the basis of prosecutorial immunity and on Plaintiff's failure to state claims upon which relief may be granted.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). At issue in a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail" but whether the plaintiff is entitled to present evidence to support the claims alleged. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

The defendant may assert a statute of limitations defense in a Rule 12(b)(6) motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (*Lewis*).

## ANALYSIS

### *Statute of Limitations*

Defendants first attack Counts III, IV, and V of Plaintiff's Amended Complaint, which allege claims of malicious prosecution, *respondeat superior*, and indemnification under Illinois law. In their Motion to Dismiss, Defendants rely upon the Illinois Local Government and Governmental Employees Tort Immunity Act, which provides "[n]o

civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. "[A] federal court applies to state-law claims the same limitations period a state court would apply." *Long v. Williams*, 155 F. Supp. 2d 938, 943 (N.D. Ill. 2001) (quoting *Ellis v. City of Chicago*, No. 2000 C 2457, 2000 WL 1774084, at *6 (N.D. Ill. Dec. 1, 2000). The relevant statute of limitations for the charges brought against Defendants was one year.

By Plaintiff's own admissions, the latest his injuries could have accrued was on July 8, 2010, when the case was dismissed. (Am. Compl. ¶ 32.) Moreover, Plaintiff fails to address the time bar in his response to the motion; "failure to offer any opposition to [Defendants'] statute of limitations argument constitute[s] a waiver." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007). While statute of limitations defenses are not typically raised in a Rule 12(b)(6) motion, the defense is appropriate where "a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Lewis*, 411 F.3d at 842. Therefore, because Plaintiff failed to file these state-law claims within one year of the injuries accruing and failed to present any argument in response to this defense, Plaintiff's state-law claims are barred.

*State's Attorney Defendants and Prosecutorial Immunity*

The remaining counts of Plaintiff's Amended Complaint involve a Section 1983 due process claim and a Section 1985 conspiracy claim. However, these claims, as they are alleged against the State's Attorney Defendants, are barred by prosecutorial immunity. Prosecutors have absolute immunity when "'initiating a prosecution and . . .

presenting the State's case' as long as their conduct is 'intimately associated with the judicial phase of the criminal process.'" *Boloun v. Williams*, Case No. 00 C 7584, 2002 WL 31426647, at *10 (N.D. Ill. Oct. 25, 2002) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). "This immunity shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

Plaintiff contends, in response to the motion to dismiss, that because the State's Attorney Defendants brought charges against Plaintiff in Lake County, as opposed to McHenry County, their actions went beyond the scope of their prosecutorial duties, and therefore, the State's Attorney Defendants cannot be protected by prosecutorial immunity. (Resp. ¶ 6.) The legal authority cited by Plaintiff (two cases from the Second Circuit Court of Appeals) is neither controlling nor supportive of Plaintiff's position. Moreover, Plaintiff's argument regarding the venue of the underlying criminal action is unavailing; while the prosecution moved to change venue from Lake County to McHenry County, Plaintiff fails to allege how venue was improper in Lake County. Further, even if Plaintiff *had* properly alleged venue was improper in Lake County, he fails to provide a legal basis for how the filing of a criminal charge in the wrong county vitiates the State's Attorney Defendants' prosecutorial immunity.

Plaintiff's allegations of a violation of due process and conspiracy on the part of the State's Attorney Defendants rely upon their charging of Plaintiff and their presentation of evidence to a grand jury. The tasks of charging a defendant and putting

forth evidence to a grand jury in support of a charge is directly within the scope of the State's Attorney Defendants' duties as prosecutors. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). Therefore, the claims Plaintiff alleges against the State's Attorney Defendants are barred, as those defendants are entitled to absolute immunity in their roles as prosecutors. Thus, Counts I and II of the Amended Complaint are dismissed against the State's Attorney Defendants.

*Count I against Sheriff Defendants*

<u>Witness Immunity of Defendant Warner</u>

Defendants move to dismiss the Section 1983 due process claim, Count I of the Amended Complaint, as it is alleged against Defendant Paul Warner, a Lake County Sheriff's Detective, on the basis that Warner is immune from suit as a grand jury witness. The only specific facts alleged as to Warner is that Warner, together with Assistant State's Attorney Scheller, "without the jurisdiction to present evidence to a grand jury, deliberately mislead the grand jury and deliberately withheld exculpatory evidence from the grand jurors obtaining an indictment that was both without jurisdiction and unreliable." (Am. Compl. ¶ 38.) No other information is alleged regarding Warner's role, though Defendants assert in their motion that Warner, as a detective, testified before a grand jury relating to Plaintiff's indictment. Plaintiff fails to allege any specific actions taken on the part of Warner in the Amended Complaint. However, Warner's "grand jury testimony cannot form the basis for any Section 1983 claims because of absolute

7

immunity." *Mendoza v. City of Chicago*, Case No. 09 C 5866, 2012 WL 3206602, at *2 (N.D. Ill. July 31, 2012) (citing *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012)); *see also Khorrami v. Rolince*, 539 F.3d 782 (7th Cir. 2008) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983), and noting that "the Supreme Court held that witnesses who allegedly gave perjured testimony at a criminal trial were absolutely immune from later suit under 42 U.S.C. § 1983. This court [the Seventh Circuit] recognized that the absolute immunity extends to a police officer's participation in pretrial proceedings.") (citations omitted). Thus, to the extent that the Section 1983 claim is alleged against Warner in his role as a grand jury witness, Warner is entitled to immunity.

In Plaintiff's response to the motion to dismiss, Plaintiff's single attempt to rebut this point simply states, "[t]he same jurisdictional argument applies to the law enforcement defendants, WARNER, WERNER and CURRAN." (Resp. ¶ 14.) Beyond the fact that Plaintiff's allegations regarding so-called "jurisdictional" or venue issues are undeveloped and unavailing, Plaintiff ignores the issue of witness immunity. "[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (citations omitted). Plaintiff failed to present any sort of counterargument regarding the deficiency of the claim against Warner in Count I. Count I against Defendant Warner is dismissed.

Qualified Immunity of Defendant Werner

Next, Defendants seek to dismiss Count as it is alleged against Defendant Willis Werner, a lieutenant with the Lake County Sheriff's Office. The only facts alleged

against Defendant Werner in the Amended Complaint are that: (1) Werner was informed by a social worker at Centegra Memorial Hospital that Plaintiff had expressed a threat against a judge; (2) Werner stated in a report he prepared that Plaintiff told the social worker that "[Plaintiff] had developed a romantic relationship with the judge's daughter and stolen money from . . . the judge"; and (3) Werner informed Judge Hughes of this threat against him. (Am. Compl. ¶¶ 11-15.)

A state official, such as Lieutenant Werner, is entitled to qualified immunity from some constitutional claims. "Such officials are not civilly liable unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person in their position would have been aware." *Rusinowski v. Village of Hillside*, 835 F. Supp. 2d 641, 650 (N.D. Ill. 2011) (citing *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000)). Plaintiff fails to allege in the Amended Complaint how Werner's actions, described above, violated Plaintiff's constitutional rights in any way. Again, in his response, Plaintiff's only attempt to address the issue of the claim against Werner is to state "[t]he same jurisdictional argument applies to the law enforcement defendants, WARNER, WERNER and CURRAN." (Resp. ¶ 14.) Therefore, because Werner is entitled to qualified immunity and, further, because Plaintiff fails to rebut Defendants' position regarding immunity, Count I, as it is alleged against Defendant Werner, is dismissed.

### Failure to State a Claim against Defendant Curran

Defendants also move to dismiss Count I against Defendant Mark Curran, the Sheriff of Lake County, Illinois. Absolutely no facts are alleged against Defendant

9

Curran, other than to state that Curran is "the elected Sheriff of Lake County, Illinois and the responsible supervisor of Defendants Warner and Werner." (Am. Compl. ¶ 5.) Other than establishing that Curran supervises the other Sheriff Defendants, Plaintiff makes no attempt to assert a claim against Curran or allege any actions or omissions on the part of Curran that might implicate him. Plaintiff has failed to state a facially plausible claim against Curran, as he does not plead facts which would permit a reasonable inference that Curran is liable for the Section 1983 claim. *Iqbal*, 129 S. Ct. at 1949. Further, any attempt on the part of Plaintiff to allege a Section 1983 claim against Curran on the theory of *respondeat superior* must fail. "The doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). Hence, Count I is dismissed against Defendant Curran.

*Count II against Sheriff Defendants*

Count II of the Amended Complaint alleges Defendants agreed to deprive the Lake County judges and grand jurors of exculpatory evidence and information relating to the charges against Plaintiff. (Am. Compl. ¶ 44.) "[T]o establish a prima facie case of a civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Plaintiff's claim regarding the alleged Section 1985 conspiracy is vague and conclusory; Plaintiff fails to allege facts to

10

demonstrate a *prima facie* showing of a conspiracy under Section 1985. Therefore, Count II is dismissed against the Sheriff Defendants, as well.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted. Counts I and II of the Complaint are dismissed without prejudice, and Counts III, IV, and V are dismissed with prejudice, as they are time-barred. Plaintiff may amend the Complaint as to Counts I and II within twenty-one days of the date of this Memorandum Opinion and Order only if he can do so consistent with Federal Rule of Civil Procedure 11. The matter is continued to May 16, 2013, at 9:30 a.m. for status.

Date: April 17, 2013

_____
JOHN W. DARRAH
United States District Court Judge