UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ADAM ROTHEIMER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-CV-1629 |
| PAUL WARNER, Former Lake County Sheriff's Office Detective, and WILLIS WERNER, Former Lake County Sheriff's Office Lieutenant, | ) ) ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Paul Warner and Willis Werner move to dismiss the Second Amended Complaint filed by Plaintiff Adam Rotheimer, pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons presented below, Defendants' Motion to Dismiss [51] is granted.

## BACKGROUND

Plaintiff Adam Rotheimer filed suit on March 6, 2012 against eight named Defendants and, on November 19, 2012, amended his Complaint to allege five separate counts, including claims for violation of his Fourteenth Amendment right to due process, conspiracy, malicious prosecution, *respondeat superior*, and indemnification. On April 17, 2013, this Court granted Defendants' Motion to Dismiss, dismissed some counts with prejudice and some without, and granted Rotheimer leave to amend. Rotheimer filed a Second Amended Complaint ("SAC"), alleging two counts under 42 U.S.C. § 1983, for false arrest and failure to investigate, against two Defendants in their individual capacities, former Lake County Sheriff's Office Detective Paul Warner and former Lake County Sheriff's Office Lieutenant Willis Werner.

The following facts are taken from the SAC and are assumed to be true for the purposes of the Motion to Dismiss. On March 9, 2010, Plaintiff, an in-patient at Centegra Memorial Hospital in McHenry County, Illinois, allegedly told his social worker, Jeff Bolker, that Plaintiff was romantically involved with a daughter of Judge Brian Hughes and had stolen money from that judge. (SAC ¶¶ 8-9.) Bolker then contacted Defendant Werner, a Lake County Sheriff's Office detective at the time, informed Werner that Plaintiff was a patient and that he had expressed a threat against Judge Hughes. (*Id.* ¶ 9.) Werner then contacted Judge Hughes, who said he did not have a daughter and did not know what Plaintiff was talking about. (*Id.* ¶¶ 11-12.)

On or about March 12, 2010, Plaintiff was discharged from the hospital. A supplemental report prepared by the Lake County Sheriff's Department at the time stated that Plaintiff was diagnosed with schizophrenia, was prescribed new medication and that Bolker did not believe Plaintiff was a threat to Judge Hughes. (*Id.* ¶ 14.) On the same day, unnamed Lake County Sheriff's Officers obtained an arrest warrant, arrested and incarcerated Plaintiff for threatening a judge. (*Id.* ¶¶ 19-20.) Plaintiff alleges that the "Defendant sheriff's officers knew and understood" that he did not "commit, attempt to commit, or offend in any way." (*Id.* ¶ 17.) Plaintiff was detained in Lake County jail from March 12, 2010 to April 21, 2010. (*Id.* ¶ 21.) The matter was subsequently transferred to McHenry County. On July 2, 2010, the case against Plaintiff was dismissed after the presiding judge granted the McHenry County State's Attorney's *nolle prosequi* motion. (*Id.* ¶ 24.)

Plaintiff claims that "Defendant Lake County Sheriff's Officers" falsely arrested him without probable cause and also failed to properly investigate the allegations that he had

threatened a judge. Defendants Warner and Werner argue that Plaintiff's claims fail to state a claim and that they are entitled to qualified immunity.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

*Count I – False Arrest*

Defendants argue that Plaintiff's false arrest claim, contained in Count I, fails to state a claim because Plaintiff was arrested pursuant to a valid arrest warrant. Furthermore, Defendants argue that Plaintiff fails to sufficiently allege that there was no probable cause to arrest him.

As a general rule, a person "arrested pursuant to a facially valid arrest warrant cannot prevail on a § 1983 claim for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." *Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir.

2013) (quoting *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992)). An exception exists where the arresting officers knew that the arrest warrant was not supported by probable cause. *Juriss*, 957 F.2d at 350. For example, a facially valid warrant will not bar a false arrest claim where the officers knowingly deceived the judge issuing the warrant. *Id.* at 351. Stated another way, the officers may be held liable only if "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986).

In this case, Plaintiff makes no allegations connecting Warner or Werner to the warrant issued for his arrest. He does not allege that Warner or Werner lied to the judge; he does not even allege that they were the officers who secured the warrant or arrested him. Instead, he makes the conclusory allegations that "Lake County Sheriff's Officers" falsely arrested him. This is insufficient to state a claim against Defendants for false arrest.

In his response, Plaintiff does not contest that there was a facially valid arrest warrant issued; rather, he argues that Defendants "knew" that Lake County was "without jurisdiction to initiate the arrest and prosecution" because the alleged acts took place in McHenry County. (Pl.'s Resp. at 2.) Plaintiff has presented no authority that the Lake County Sheriff's Officers, who were investigating a threat against a Lake County judge, were not entitled to seek an arrest warrant or that by doing so somehow voided the officers' qualified immunity. In fact, Plaintiff confuses jurisdiction with venue, and, under the Illinois Criminal Code, venue was proper in either McHenry or Lake County because the alleged victim was a Lake County resident. *See* 720 ILCS 5/1-6(a)-(b) (2013). Because Plaintiff has failed to state a claim, Count I is dismissed.

*Count II – Failure to Investigate*

Defendants argue that Plaintiff's purported "failure to investigate" claim also fails because there was probable cause to arrest Plaintiff and because Warner and Werner are entitled to qualified immunity. It is clear that "officers have no duty to investigate extenuating circumstances or search for exculpatory evidence once probable cause has been established via the accusation of a credible witness. They may simply arrest the accused suspect." *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006) (internal citations omitted); *see also Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 744 (7th Cir. 2003) ("once an officer learns sufficient trustworthy information establishing probable cause, he is entitled to rely on what he knows in pursuing charges or an arrest, and is under no further duty to investigate.").

Plaintiff's Count II fails to state a claim. Plaintiff makes no allegations at all about Warner; indeed, Warner's name appears only once in the SAC as a named defendant. With respect to Werner, Plaintiff alleges that Plaintiff's social worker told Werner about Plaintiff's alleged threat to a judge. As discussed above, Plaintiff does not contest that this information provided probable cause to arrest him or that a valid warrant was issued for his arrest. An officer will be liable for a violation of § 1983 only if that officer unreasonably acted in clear violation of a well-established law. *See, e.g., Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). Plaintiff's allegations fail to state a claim that Defendants violated § 1983. Count II is dismissed against Defendants.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [51] is granted. The Complaint is dismissed without prejudice. Plaintiff is granted a final leave to amend, if he can do so under Rule 11, within 30 days of this Order.

Date:   November 6, 2013

JOHN W. DARRAH
United States District Court Judge