UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM ROTHEIMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-CV-1629 |
| ERIC KALATA, STEPHEN SCHELLER, DAN BROWN, MICHAEL J. WALLER, PAUL WARNER, WILLIS S. WERNER, and MARK CURRAN, | ) ) Judge John W. Darrah ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adam Rotheimer has brought a five-count Third Amended Complaint against former Lake County State's Attorney Michael J. Waller; Assistant State's Attorneys Eric Kalata, Stephen Scheller and Dan Brown; Lake County Sheriff Mark Curran; and former Lake County Sheriff's Office employees Paul Warner and Willis S. Werner, relating to Plaintiff's arrest and prosecution for allegedly threatening an Illinois state court judge in March 2010.[1] Defendants have moved to dismiss the Third Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons presented below, Defendants' Motion to Dismiss [79] is granted.

### BACKGROUND

In March 2010, Plaintiff, a hospital patient receiving mental health treatment, allegedly made threatening statements against a state court judge during a session with Plaintiff's social worker. (TAC ¶ 21.) After the social worker reported the alleged threat to law enforcement,

---

[1] Plaintiff's current Complaint is titled "Second Amended Complaint" but is actually his Third Amended Complaint.

Plaintiff was arrested and jailed for over a month. (*Id.* ¶¶ 22, 31.) Plaintiff was declared unfit to stand trial, and the case was dismissed in July 2010. (*Id.* ¶ 34.)

Plaintiff initiated this suit on March 6, 2012. On November 19, 2012, he amended his Complaint to allege five separate counts, including claims for violation of his Fourteenth Amendment right to due process, conspiracy, malicious prosecution, *respondeat superior*, and indemnification. On April 17, 2013, this Court granted Defendants' Motion to Dismiss, dismissed some counts with prejudice and some without, and granted Plaintiff leave to amend. Plaintiff then filed a Second Amended Complaint, alleging two counts under 42 U.S.C. § 1983 against Defendants Warner and Werner, in their individual capacities.

On November 6, 2013, this Court granted Defendants' Motion to Dismiss the Second Amended Complaint and granted Plaintiff final leave to amend his claims within thirty days. Soon after the dismissal, Plaintiff's attorney withdrew, indicating that he did not want to pursue Plaintiff's case. The matter was continued several times to give Plaintiff an opportunity to find new counsel and amend his claims.

At one status, Plaintiff's sister, Denise Rotheimer, appeared and asked to represent Plaintiff. The Court informed Ms. Rotheimer that she could not represent Plaintiff because she is not authorized to practice law and does not have standing to pursue Plaintiff's claims on his behalf. On October 8, 2014, Plaintiff filed the Third Amended Complaint ("TAC"). Despite the Court's clear instruction, the TAC states that it was "prepared by Denise Rotheimer on behalf of her brother, Adam Rotheimer."

The TAC repeats essentially the same claims as those found in the previously dismissed Complaints.[2] In short, Plaintiff alleges improper conduct by Defendants related to the "initiation and continuation of criminal proceedings against Plaintiff," including causing "material exculpatory evidence to be withheld from the presiding judges and grand jury" associated with Plaintiff's underlying criminal case. (TAC ¶ 36(d)). Plaintiff has asserted the following claims against all Defendants: § 1983 due process claim (Count I); § 1985 civil conspiracy claim (Count II); a purported federal law intentional infliction of emotional distress claim (Count III); a state law negligence claim (Count IV); and a purported federal law negligent infliction of emotional distress claim (Count V).

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

---

[2] A full recitation of Plaintiff's factual allegations can be found in the November 18, 2013 Memorandum Opinion and Order.

## ANALYSIS

### *Unauthorized Practice of Law*

As a preliminary matter, the TAC must be dismissed because Ms. Rotheimer, in preparing the TAC, has engaged in the unauthorized practice of law. The Court has the inherent authority to impose sanctions for practicing law without a license, including striking pleadings. *See United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) (federal court has inherent authority to impose sanctions for the unauthorized practice of law); *Robinson v. Belom*, No. 03 C 1, 2003 WL 21183916, at *5 (N.D. Ill. May 19, 2003) (striking submissions prepared by non-attorney and ordering non-attorney to show cause in writing why he should not be held in contempt of court); *see also* N.D. Ill. Local Rule 83.12(a) ("only members in good standing of the general bar of this Court may . . . file pleadings, motions or other documents"). Accordingly, the TAC is stricken.

### *Failure to State a Claim*

Furthermore, even if the TAC was not stricken as improperly prepared and filed, Plaintiff has failed to state a claim under Rule 12(b)(6). In its April 17, 2013 Order, this Court held that the one-year statute of limitations, found in the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101 ("the Illinois Tort Act"), barred Plaintiff's state law claims. Accordingly, Plaintiff's state tort claims for intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress, asserted in Counts III through V of the TAC, are also barred by the statute of limitations found in the Illinois Tort Act.[3]

---

[3] In Counts III and V, respectively, Plaintiff purports to bring federal claims for intentional infliction of emotional distress and negligent infliction of emotional distress. Plaintiff has cited to federal statutes for those claims; however, no such causes of action exist. Therefore, the Court has interpreted these claims to be brought under state law.

In April 13, 2013 Order, this Court also held that Defendants Waller, Kalata, Scheller and Brown, who are all State's Attorneys, had absolute prosecutorial immunity from Plaintiff's claims because their alleged actions were taken within the scope of their duties as prosecutors. Plaintiff has not alleged any new facts that would fall outside these duties. Consequently, Plaintiff's claims asserted in the TAC against Waller, Kalata, Scheller and Brown must be dismissed.

Likewise, as stated in both the April 13, 2013 and November 6, 2013 Orders, the only allegations pertaining to Defendant Warner concern his role as a witness testifying before a grand jury. As such, Warner is protected by absolute immunity from any § 1983 claim. *See Rehberg v. Paulk*, 132 S.Ct. 1497, 1505 (2012). Accordingly, Plaintiff's claims against Warner are dismissed.

In its November 6, 2013 Order, the Court held that Plaintiff failed to state a claim against Defendant Curran because there were no specific allegations about Curran's role in the investigation, arrest or prosecution of Plaintiff. In the TAC, Plaintiff has not added any new allegations about Curran's involvement and therefore, has again failed to state a claim against Curran. The claims against Curran are therefore dismissed.

Finally, as stated in the April 13, 2013 Order, Defendant Werner, a lieutenant with the Lake County Sheriff's Office, has qualified immunity from Plaintiff's claims. An officer is subject to § 1983 liability only where he violates clearly established statutory or constitutional rights that a reasonable officer would know. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). None of Plaintiff's allegations against Werner in the TAC establishes that Werner violated Plaintiff's statutory or constitutional rights. Accordingly, the claims against Werner are dismissed.

Plaintiff has been given several opportunities to amend his claims, and it is clear that future amendments will be futile. Consequently, dismissal of the TAC is with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [51] is granted. The Third Amended Complaint is dismissed with prejudice. The civil case is terminated.

Date:     March 3, 2015                    　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　JOHN W. DARRAH
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge